1          **UNITED STATES DISTRICT COURT**

2          **NEWARK DISTRICT OF NEW JERSEY**

3

| | |
|---|---|
| 4 **Ms. Chaula S. Bhatt**, on behalf of herself, **PRO SE,** | **CIVIL ACTION: DOCKET NO.** |
| 5 | **CIVIL ACTION COMPLAINT FOR:** |
| 6 **Plaintiff,** | **1. CONVERSION;** |
| 7 **Vs.** | **2. BREACH OF CONTRACT;** |
| 8 | **3. UNJUST ENRICHMENT;** |
| 9 <u>**Party 1: NJ Defendants**</u> | **4. VIOLATIONS OF PRIVACY RIGHTS** |
| 10 <u>**Employees of State of NJ**</u>: | **(42 USC § 1983);** |
| 11 NJ State Police Superintendent, Col. Joseph Fuentes; | **5. VIOLATIONS OF DUE PROCESSES** |
| 12 Current Acting Attorney General Robert Lougy; | **(US CONST. AMEND. 4);** |
| 13 Past Acting Attorney General John Jay Hoffman; | **6. UNLAWFUL WIRETAPPING** |
| 14 Executive Director and lay member Of NJ Advisory | **(US. CONST. AMEND. 4TH AND 14TH);** |
| 15 Committee on Judicial Conduct (ACJC) | **7. EMPLOYEE REPAYMENT OF WAGES** |
| 16 Mr. John A. Tonelli; | **(NJ. LAB. CODE § 34:15-1 TO 34:39 ET.SEQ.);** |
| 17 **AND** | **8. EMPLOYEE REPAYMENT OF** |
| 18 <u>**Party 2: State of Ohio Defendants**</u> | **OVER-TIME (NJ. LAB. CODE §11-56a4);** |
| 19 Ms. Janet Mihalopoulos - Director BWC-OH; | **9. WAITING TIME PENALTIES** |
| 20 Maximation LLC, Ohio based corporation; | **(NJ. LAB. CODE § 11-4.14);** |
| 21 VG Labs Inc, Ohio based corporation; | **10. RECORD KEEPING VIOLATIONS** |
| 22 Mr. Sunder Govindrajan – Team Lead/Interviewer; | **(NJSA 34:11-4.4, 34:11-4.6, 34:11-56a20);** |
| 23 Mr. Dallas – BWC Project Manager; | **11. WRONGFUL DISCHARGE** |
| 24 Mr. Srinivas Guntuka- BWC-OH Consultant; | **(42 USC §§ 1981, 1982, 1983, 1985(3));** |
| 25 "Invisible" participants only "visible" to Mr. Srinivas | **12. GENDER DISCRIMINATION** |
| 26 Guntuka; | **(42 USC §§ 1981, 1983);** |
| 27 | **13. UNLAWFUL BUSINESS & INSURANCE** |
| 28 | **PRACTICES** |
| 29 | **(NJSA 17:22E-10, 17:29B-4, 34:15-1 ET.SEQ.);** |
| 30 individually and in their official capacities, | **14. NEGLIGENCE** |
| 31 **Defendants (s).** | **(42 USC § 1983 AND NJSA 59:13-1);** |
| 32 | **DEMAND FOR JURY TRIAL** |

1

**PRELIMINARY STATEMENT**

2       Individual and self-representative Plaintiff Ms. Chaula S. Bhatt, Pro Se, on behalf of herself

3   alleges as follows:

4       1.       Ms. Chaula S. Bhatt brings this civil action by filing instant complaint before this

5   Honorable Court requesting sought reliefs, per claim of relief, filed in this complain, against

6   aforementioned defendants. Unlawful actions or inactions of these defendants for relevant to this

7   complaint started during beginning of May 2014 and are continued through the date of judgement

8   in this action.

9       2.       Ms. Bhatt alleges on behalf of herself that, aforementioned defendants violated

10  Plaintiff's multiple civil rights by their continued adverse interferences in cooperation with AT&T Inc.

11  and many additional "invisible" defendants by unlawful wiretapping and interception of Plaintiff's

12  online job search activities and hacked Plaintiff's TD Bank account upon her unlawful termination

13  from job in violations of 18 U.S.C. §§2511, §§2512, §§2520, §§2521 and §§2520. Ms. Bhatt, on

14  behalf of herself seeks damages, and injunctive relief, and exemplary relief from these defendants

15  as a result of their unlawful practices.

16      3.       Ms. Bhatt alleges on behalf of herself that aforementioned member of Maximation LLC;

17  VG Labs Inc, BWC-OH and additional "invisible" participants only visible to Mr. Srinivas Guntuka,

18  committed conversion and was unjustly enriched by illegally converting substantial part of Plaintiff's

19  wages towards their financial gains. Ms. Bhatt, on behalf of herself seeks damages, injunctive relief,

20  and restitution of all unjust enrichment defendants have enjoyed as a result of these practices.

21      4.       Ms. Bhatt alleges further on behalf of herself that Mr. Guntuka in participation with

22  aforementioned defendants architected a money laundering fraudulent scheme by requiring

23  Plaintiff to endorse and sign over an unlawful contract condition of "no communication with BWC-

24  OH" for matters related to "wage rates and hours" on a contract agreement prepared by VG Labs Inc

25  on instructions of aforementioned defendants. The job opportunity at BWC-OH was created with

26  malicious intent of knowingly and purposely involving Plaintiff for a job at BWC-OH for exploiting her

27  during which she was being used to pay a substantial part of her wages for the work performed by

28  her for 8+ weeks of work at BWC-OH. The fraudulent arrangement of Plaintiff's employment was

29  architected by multiple "invisible" and "visible" defendants of this suit without her knowledge and

30  for exploiting Plaintiff on the basis of her background and records ruined by defendants. Plaintiff

31  further alleges on behalf of herself that she was forced to work for at least 10 hours a day by her

32  supervisor Ms. Janet Mihalopoulos without overtime payments. Ms. Bhatt, on behalf of herself

1    seeks damages, injunctive relief, and restitution of all unjust enrichment defendants have enjoyed
2    as a result of these practices. **Exhibit A shows a copy of the "Employee Agreement".**

3        5.    Ms. Bhatt alleges further on behalf of herself that she was insisted to come to work in
4    spite of being sick by her supervisor Ms. Janet Mihalopoulos. Plaintiff was insisted and forced to go
5    to work by her manager because Plaintiff's absence from work resulted in less number of work
6    hours reducing each involved defendant's unjust enrichments by "cuts" from Plaintiff's wages. Ms.
7    Bhatt, on behalf of herself seeks damages, injunctive relief, and restitution of all unjust enrichment
8    defendants have enjoyed as a result of these practices.

9        6.    Ms. Bhatt alleges further on behalf of herself that her supervisor Ms. Janet
10   Mihalopoulos had committed an act of gender based discrimination towards Plaintiff by
11   compensating her at lower wages compared to wages of an inexperienced male candidate. Plaintiff
12   was paid $10 less per hour compared to inexperienced male counterpart. Ms. Bhatt, on behalf of
13   herself seeks damages, injunctive relief, and restitution of all unjust enrichment defendants have
14   enjoyed as a result of these practices.

15       7.    Ms. Bhatt alleges further on behalf of herself that unknown personnel from within BWC-
16   OH, Maximation LLC and VG Labs Inc unlawfully tempered with weekly timesheets submitted by
17   Plaintiff and altered number of hours worked by her and corresponding "receipt" numbers. By doing
18   that, defendants failed to maintain proper record keeping and committed forgery of records. Ms.
19   Bhatt alleges further on behalf of herself that, collectively, all of these defendants purposely and
20   knowingly delayed Plaintiff's payments for more than 6 weeks and breached employment contract
21   with her as "co-employers" of Plaintiff per New Jersey laws as they failed to make bi-weekly
22   payments per the condition of the contract. Ms. Bhatt, on behalf of herself seeks damages,
23   injunctive relief, and restitution with interest of all unjust enrichment defendants have enjoyed as a
24   result of these practices of holding payments. **Exhibit C shows proofs of said discrepancies in hours.**

25       8.    Ms. Bhatt alleges further on behalf of herself that she was hired for this contract job
26   opportunity at BWC-OH after filing grievances with the Advisory Committee on Judicial Conduct
27   (herein after ACJC) of Supreme Court of New Jersey. Plaintiff further alleges that her grievances
28   complaint was dismissed by ACJC member Mr. John Tonelli without following due processes.
29   Plaintiff further alleges that Plaintiff had not disclosed grievances complaint due to its confidential
30   nature with anyone. Plaintiff further alleges that the timing of filing of grievances and Plaintiff's
31   contract job at BWC-OH based on unlawful wiretapping and interception of Plaintiff's online job
32   search activities indicate participation of ACJC member John Tonelli or "invisible" members of State

1    of NJ and others. Ms. Bhatt, on behalf of herself seeks injunctive relief in the form of cooperation

2    from Mr. John Tonelli in investigating "invisible" members instrumental in hiring and firing Plaintiff

3    at BWC-OH as Plaintiff's contract opportunity at BWC-OH was not without influences of State of NJ.

4    9.       Ms. Bhatt alleges further on behalf of herself that upon detecting and reporting

5    fraudulent scheme to BWC-OH, Maximation LLC and VG Labs Inc and upon detecting unlawful

6    conversion of 61.11 % of her wages towards all aforementioned defendants, she was unlawfully and

7    abruptly terminated without a notice. As a result of abrupt wrongful discharge without due

8    processes and 10 months prior to official end of contract, Plaintiff Ms. Bhatt suffered severe

9    personal, social, reputational, professional and economic losses in addition to loss of Plaintiff's

10   housing during 2014.  Ms. Bhatt, on behalf of herself seeks damages, injunctive relief, and

11   restitution of all of her wages from defendants.

12   10.      Ms. Bhatt, on behalf of herself, seeks to recover full wages for the entire duration of

13   contract, wages that defendants unlawfully converted to them, un paid overtime wages, injunctive

14   relief for sick leave damages, waiting time penalties for delayed payments, declaratory relief,

15   injunctive and other equitable relief; and reasonable litigation costs, under multiple laws including

16   but not limited to New Jersey Labor Code §§ 34:15-1 to 34:60 and under 42 USC §§ 1983. Ms. Bhatt,

17   on behalf of herself also seeks injunctive relief and restitution of all unjust enrichment defendants

18   have enjoyed from their violations of New Jersey Labor Code under Business and Professional Code

19   §§ 56-4, 56-93 and 15 USC § 1 et. seq. Plaintiff further alleges on behalf of herself that, multiple

20   injuries to Plaintiff as a result of Plaintiff's Civil Rights violations guaranteed by the Bill of Rights, the

21   13th and 14th Amendments of the US Constitution and 42 USC §§ 1981, 1982, 1983 and 1985 (3) are

22   within relevant statues of limitations durations.

23                                              **JURISDICTION AND VENUE**

24   11.      Ms. Chaula Bhatt, Plaintiff on behalf of herself brings this action before this Honorable

25   court for statutory reliefs pursuant to the laws of the Constitution of the United States and laws of

26   the United States pertaining to unlawful employment practices pursuant to  42 U.S.C. § 2000e2(a),

27   e2(b),   e2(c)(2),   e2(c)(3)   ,e2(e)(1),e2(h),   e2(j),e2(m);   42   U.S.C.   2000e5(a),e5(b),e5(c),

28   e5(d),e5(3)(A),e5(3)(B); 42 U.S.C.§2000e5(f); 15 U.S.C. §§ 1,2,4,5 and 13(F); 42 U.S.C. § 1981 (1), (2)

29   and (3); 42 U.S.C. § 1983; 42 U.S.C. §1985 (3); the Fourth Amendment and the 14th Amendment of

30   the US Constitution, 18 U.S.C. §§2511, §§2512, §§2520, §§2521; Section 901(a) of RICO codified

31   under 18 U.S.C. § 1961–1968. Additional applicable statutes pertaining to New Jersey's Labor and

1    Worker's Compensation Laws codified under NJSA 34:15-1 to 34:60 are applied on as needed basis

2    and as applicable against Plaintiff's co-employers BWC-OH, Maximation LLC and VG Labs Inc per

3    New Jersey laws. Applicable and relevant laws codified under Title 17 of New Jersey's laws for

4    Corporations and Insurance institutions are applied in addition to applications of relevant and

5    applicable statues codified under Title 56 of NJ's Laws pertaining to Unlawful Business Practices and

6    Unfair Competition.

7        12.     This court has personal jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) (1)

8    because the aggregate amount claimed by the Plaintiff on behalf of herself, exceed $75,000,

9    exclusive of interest and costs. Additional jurisdiction of this court is confirmed pursuant to 28 U.S.C.

10   § 1331 as there are multiple questions of laws and fact; 28 U.S.C. § 1343; 28 U.S.C. § 1337 as

11   involved members under party 2 of this suit established a monopoly of selective hiring of specific

12   individuals by leaking interviews and by giving bribes; 28 USC § 1338 (a) and (b) and 28 U.S.C. §

13   1357. Additionally, all defendants to this suit have generally established and maintained systematic

14   business transactions and contacts in State of New Jersey and none are immune pursuant to Title 59

15   of NJ's code for contractual liabilities. Furthermore, substantial part of this complaint originated as

16   a result of massive violations of civil rights of Plaintiff by State of New Jersey's visible and invisible

17   members of law enforcement in participation with AT&T Inc., both of which collectively architected

18   a scheme of unfair competition by pushing Plaintiff out of State of New Jersey to protect AT&T and

19   State of New Jersey's interests against Plaintiff. Accordingly, in the interests of efficient resolution of

20   controversies and fundamental substantive social policies as well as based on totality of

21   circumstances surrounding this action, it is most appropriate for this Honorable court to exercise its

22   personal jurisdiction over this action.

23       13.     Venue is proper in this district of Newark in NJ pursuant to 42 U.S.C. § 2000e2(a), e2(b),

24   e2(c)(2), e2(c)(3) ,e2(e)(1),e2(h), e2(j),e2(m); 42 U.S.C. 2000e5(a),e5(b),e5(c), e5(d),e5(3)(A),e5(3)(B)

25   and, pursuant to 42 U.S.C.§2000e5(f) because unlawful hiring practices of "co-employers" by their

26   joint-hiring arrangements for self-enrichment causes disparate impact on public with genuine

27   experiences, education and qualifications. Venue is appropriate and confirmed **ONLY** upon this

28   district court of NJ pursuant to 28 U.S.C. § 1391(a), (b) (2) and (d) due to Newark District Court

29   being the most suitable venue due to its geographical location for transportation by air, water, road,

30   buses, subways and private cabs by all in state and out of state witnesses, defendants and Plaintiff

31   involved in this matter. Additionally, this venue is requested by the Plaintiff because justice so

32   requires and so is also required by public interest to minimize continued adverse interferences of

  
1     Trenton-NJ, in all legal matters of Plaintiff as it has been done multiple times in the past by Trenton-

2     NJ by tossing cases filed by the Plaintiff to Trenton-NJ for exercising its adverse and illegal

3     interferences by distributing confidential case filings state wide. Furthermore, Camden – NJ is part

4     of rural New Jersey without air transportation and water ways and with very limited bus services

5     which makes it less convenient for Plaintiff whose two vehicles have been unlawfully converted by

6     State of New Jersey towards its unjust enrichment and in violations of all civil rights of Plaintiff. The

7     majority includes the Plaintiff and 5 out of state defendants who had made Plaintiff to move to Ohio

8     for fraudulent contract and for whom Newark-NJ is the most suitable venue compared to only three

9     defendants from Trenton-NJ. The majority basis justifies Newark-NJ as the only legitimate venue

10    from legal standpoint for this matter and is therefore respectfully requested by the Plaintiff to deter

11    illegal practices of Trenton-NJ of having cases tossed to Trenton-NJ for its "conveniences" and

12    adverse influences in spite of substantial minority and without notices. See, *Gulf Oil Corp. v.

13    Gilbert,* 330 U. S. 501 (1947) in which the court had applied the doctrine of *forum non conveniens.*

14    Under that doctrine "unless the balance is strongly in favor of the defendant, **the plaintiff's choice

15    of forum should rarely be disturbed."** *Id.* at *330 U. S. 508.* By bypassing such basic common law

16    doctrines, principle, rules and laws, Trenton-NJ has always tossed Plaintiff's cases to venues of its

17    choices and interfered and have always failed to provide notices of such illegal transfers to Plaintiff

18    and such practices must be deterred in public's interest. Accordingly, jurisdiction is confirmed only

19    on Newark district court for this being an action seeking redress for the violations of Plaintiff's

20    constitutional and civil rights.

21    14.     Venue of Newark District Court as the only most appropriate venue in New Jersey is

22    further attested for this being the second time filing of the same complaint which was originally filed

23    at Newark District Court. The Plaintiff is still being intimidated, interfered and harassed by one or all

24    defendants of this lawsuit by their continued online and otherwise interferences in life of Plaintiff.

25    One or all defendants of this suit were instrumental in having the time sensitive court order sent by

26    Trenton Federal District court stolen from Plaintiff's paid PO Box at US Post Office using state's

27    police department personnel in cooperation with AT&T Inc. for the first complaint filed by Plaintiff.

28    As a result, Plaintiff could not get two court orders sent by federal district courts of NJ in 2015. One

29    of the two court orders was related to unlawful case transfer from Newark District Court to Trenton

30    District Court citing "lack of Jurisdiction" issues among two federal district courts operating in State

31    of NJ and operating within 25 miles periphery. The other court order was sent by Trenton district

32    court about timely amendment of Plaintiff's complaint within limited time duration of 30 days which

1    was stolen from Plaintiff's PO Box and was never received by the Plaintiff. *By law, jurisdiction of a*
2    *specific federal district court should not be an issue when both courts sit in the same State and within*
3    *very narrow periphery.* The first case was thus transferred illegally from Newark district court to
4    Trenton district court due to unlawful interferences of State of NJ, where the office of State's
5    attorney general is located. The first complaint was unlawfully transferred from Newark District
6    Court to Trenton District Court solely for conveniences of State of NJ for its knowing purposes of
7    adverse interferences with all legal and personal matters of Plaintiff including employment matters.
8    Accordingly, Plaintiff respectfully requests this Honorable court to not transfer this action to any
9    other venue within the State of New Jersey or anywhere else, as justice so requires in the interest of
10   laws as well as interests of all involved parties to this suit to avoid second time unlawful transfer and
11   abrupt closing of this complaint as the first complaint was also filed at Newark by Plaintiff which was
12   transferred to Trenton-NJ by unlawful corrupt interferences of State of NJ. Unlawful venue changes,
13   unlawful tampering with court hearing dates, unlawful changes of Judges and prosecutors and
14   unlawful stealing of time sensitive matters are standard tactics of State of NJ as has been
15   experienced multiple times by the Plaintiff in past. *To avoid such continued interferences of*
16   *Trenton-NJ and to avoid issues of "Conflicts of Interests",* Plaintiff requests this Honorable US District
17   court of Newark –NJ to exercise its personal Jurisdiction and Venue powers for this matter for
18   protecting Plaintiff's civil rights, as this Honorable district court has both.  Plaintiff's tax form W-2 for
19   the year of 2015 was also stolen from paid PO Box due to continued interferences of
20   aforementioned defendants all of whom are aware of Plaintiff's SSN and have distributed and
21   published her SSN state wide and everywhere else.

22                                    **INTRADISTRICT ASSIGNMENT**

23      15.      Pursuant to Federal Rules of Civil Procedure intra-district assignment in Newark District
24   Court is proper in addition to reasons stated under paragraphs 14 and 15 above, because
25   defendants and Plaitiff's co-employers Bureau of Workers' Compensation - State of OH, Maximation
26   LLC and VG Labs Inc operate their businesses and market their products in technology, legal and
27   insurance industry throughout the United States, including throughout the State of New Jersey in
28   traditional ways and in modern ways via Internet using which unlawful conduct of intercepting
29   Plaintiff's online job search occurred.

30                                          **PLAINTIFF**

31      16.      Plaintiff Ms. Chaula S. Bhatt (herein after Plaintiff) is a lawfully admitted permanent
32   resident of the United States under skilled labor- EB2 Employment category for advance degree

1     STEM (Science, Technology, Engineering and Mathematics) professionals. Ms. Chaula S. Bhatt is

2     domiciled in the State of New Jersey since 1999, and is a citizen of India. Ms. Chaula S. Bhatt holds

3     dual undergraduate Engineering degree in Electrical and Telecommunications from India and,

4     Masters in Computer Engineering from Stevens Inst. of Technology, NJ - USA. In May 2014, Plaintiff

5     began working for her co-employers BWC-OH, Maximation LLC and VG Labs Inc, under their contract

6     based "joint employment arrangement" for BWC-Ohio project assignment. From May 27, 2014 to

7     July 30, 2014, Plaintiff worked as a consulting engineer of VG Labs Inc for Bureau of Workers

8     Compensation of State of Ohio at their business premises in Columbus, Ohio.

9

## DEFENDANTS

10     17.    Defendant ex-acting attorney general of NJ John Jay Hoffman, is currently working as

11     Senior Vice President and General Counsel of Rutgers University effective March 14, 2016. His office

12     as the Senior Vice President and General Counsel of Rutgers University is located at Winants Hall,

13     Room 402, Rutgers, The State University of New Jersey, 7 College Avenue, New Brunswick, NJ

14     08901-1258. Mr. Hoffman is being sued in his individual capacity. Defendant Mr. Hoffman was the

15     acting attorney general of State of NJ during events of this complaint and during Plaintiff's prior

16     complaint at Newark Federal District Court which was unlawfully tossed to Trenton-NJ.

17     18.    Defendant incoming and current Acting Attorney General of NJ Robert Lougy is replacing

18     outgoing NJ Attorney General Hoffman effective March 14, 2016 and will be responsible for all

19     unfinished and ongoing businesses of past attorney general Mr. Hoffman. Mr. Lougy operates out of

20     NJ State Attorney General's office located at Richard J. Hughes Justice Complex, located on the 8th

21     Floor, West Wing, 25 Market Street, Trenton, NJ 08625-0080.

22     19.    Respondent Mr. John Tonelli, is a lay member of ACJC (Advisory Committee on NJ

23     Judiciary Conduct), operating out of Hughes Justice Complex in Trenton NJ. His mailing address is

24     P.O. Box 037, Trenton, NJ, 08625-0037.

25     20.    Defendant Ms. Janet Mihalopoulos is working as a Director at BWC-OH, and was

26     Plaintiff's supervisor in 2014. Director Mihalopoulos is responsible for managing BWC teams and her

27     daily team activities including interviewing candidates and determining compensations of

28     candidates. The BWC-OH, is, and at all times mentioned herein, was a Ohio State Government

29     business insurance monopoly, operating in New Jersey Newark Area as well as throughout the State

30     of Ohio and the United States. The BWC is the Bureau of Workers Compensation of State of Ohio,

31     with primary purpose of providing business insurances to all types of businesses operating within

and outside of State of Ohio.  BWC-OH operates as a State of Ohio based business insurance monopoly from which all businesses operating in Ohio and Ohio residents operating businesses throughout United States must buy business insurances. BWC-OH uses other business monopoly AT&T Inc. for buying its business telecom services from AT&T Inc. AT&T is a major telecom service provider nationwide and in State of Ohio and to BWC-OH. AT&T is a customer as well as client of BWC-OH and vice versa, in which AT&T provides telecom services to BWC-OH and buys business insurance from BWC-OH and vice versa. The BWC – OH and director Ms. Janet Mihalopoulos operate out of its head office and principal place of business located at 30 W Spring St., Columbus, OH 43215.

21.     Defendant Maximation LLC is a US corporation with its principle business place in Columbus, Ohio. Mr. Ronald Brown is the CEO and owner of Maximation LLC which is a "veteran owned" Information Technology Consulting firm Head Quartered at 2257A Westbrooke Dr, Building H, Columbus, Ohio 43228. Maximation LLC transacts its Information Technology Consulting business in this district of NJ and throughout the United States in traditional ways and through Internet.

22.     Defendant VG Labs Inc is a US corporation with its principle place of business in Columbus, Ohio. Respondent Srinivas Guntuka is the owner of VG Labs Inc and a consulting engineer working at BWC-OH under Ms. Janet Mihalopoulos of BWC-OH. VG Labs Inc is an IT consulting firm located at 470 Olde Worthington Rd, Suite 200, Westerville, OH 43082. VG Labs Inc transacts its business in this district of New Jersey and throughout the United States in traditional ways and through Internet.

23.     Defendant, Mr. Sunder Govindrajan, is a team lead at BWC -OH and is responsible for making all technical decisions at BWC and for hiring consultants through Mr. Guntuka's firm VG Labs Inc as a subordinate of Mr. Janet Mihalopoulos. Mr. Govindrajan also participates in deciding compensation determinations of new hires in participation with Ms. Janet Mihalopoulos. Mr. Sunder operates out of BWC-OH head office located at 30 W Spring St., Columbus, OH 43215 and through personal contacts with Mr. Srinivas Guntuka.

24.     Defendant, Mr. Dallas, is a project manager and full time employee of BWC-OH responsible for determining BWC project budgets. Mr. Dallas, as a financial project manager, is also responsible for managing financial budgets for projects handled by teams working under Ms. Janet Mihalopolous. Budgetary matters handled by project manager Mr. Dallas include but are not limited to estimating costs of hiring full time or part time or temporary contractors for BWC-OH.   Mr. Dallas operates out of BWC-OH head office located at 30 W Spring St., Columbus, OH 43215.

1

2                                    **STATEMENT OF FACTS AND CONDUCT OF DEFENDANTS**

3          25.      Ms. Bhatt alleges further on behalf of herself that Plaintiff brings this civil action before

4    this Honorable court pursuant to Fed. Rul. Civ. Proc. 19 (a) (1) (A) and (B), as required and mandated

5    by law, which includes all members of both parties to this suit. Plaintiff further alleges on behalf of

6    herself that, additional Fed. Rules of Civil Procedures 9(b); 9(g) are applied as required by law.

7    Plaintiff further alleges that, Fed. Civ. Proc. Rule 14 (a) (1) is also applied for defendants to bring in

8    additional "invisible" and "visible" third parties of State of NJ and AT&T Inc., only known to Mr.

9    Srinivas Guntuka, which could not be included directly in this complaint due to their "invisible"

10   participations in violating Plaintiff's civil rights.

11         26.      There are many questions of laws and facts common to all members of both parties to

12   this suit, and these questions predominate over any questions affecting only individual members.

13   Common questions of fact or law include, among others: (1) Whether the Plaintiff has rights to back

14   wages, over time pay, sick leave, privacy over the Internet and in all of her personal affairs; (2)

15   whether defendants unlawfully compelled the Plaintiff to convert 61.11 % of her wages to them by

16   unlawful "joint employment" arrangement among "visible" and "invisible" parties to this suit and to

17   direct and indirect employers of Plaintiff by compelling her to sign an unlawful agreement with VG

18   Labs Inc; (3) whether defendants exerted an act of ownership and dominion over the personal

19   property of the Plaintiff; (4) whether, by signing over the unlawful contract condition of "no

20   communication with anyone outside of VG Labs Inc for wage and hours matters" to VG Labs Inc,

21   Plaintiff conferred benefits to defendants; (5) whether defendants were aware of the benefits they

22   received; (6) whether defendants have retained this benefit under circumstances that make it

23   inequitable for defendants to retain the benefit without the payment of its value; (7) whether

24   defendants had a systematic plan in participation with the ACJC-NJ to push the Plaintiff out of State

25   of New Jersey by compelling her to move to State of Ohio and by compelling her to live in the worst

26   class motel with massive smoking smell making her vulnerable to second hand smoking effects and

27   at a place  where doors of her room were knocked at midnight by strangers and where her room

28   telephone rung  at mid nights for multiple times without answers by calling party, for the purpose of

29   controlling and intimidating the Plaintiff; (8) whether defendants had systematic plan in

30   participation with ACJC-NJ and AT&T Inc., upon Plaintiff's filing of grievances with the ACJC-NJ for

31   the purpose of framing Plaintiff by unlawfully intercepted online job search; (9) whether defendants

32   had systematic plan in participation with the ACJC-NJ to protect AT&T's business interests by

1    exploiting and framing Plaintiff; (10) whether injunctive relief and other equitable remedies
2    (including restitution) and compensatory and punitive damages are warranted in addition to
3    punishment of some, upon honest investigation of this matter without any cover ups and corrupt
4    influences; (11) whether defendants failed adequately to pay Plaintiff on time and within 10 working
5    days upon her abrupt and unlawful termination without notice; (12) whether defendants willfully
6    failed to provide Plaintiff with accurate statement of wages and hours with correct receipt numbers;
7    (14) whether director Ms. Janet Mihalopolous hid behind false excuses of her "sudden vacation"
8    from BWC-OH to avoid confrontation with the Plaintiff due to her advance knowledge and
9    preplanning of Plaintiff's abrupt and unlawful termination in participation with defendants; (15)
10   whether Maximation CEO and owner Ronald Brown hid behind false excuses of "sudden family
11   emergency" to avoid confrontation with the Plaintiff due to his advance knowledge and preplanning
12   of Plaintiff's abrupt and unlawful termination in participation with defendants and for willfully
13   delaying Plaintiff's payments in addition to tempering with timesheet hours submitted by the
14   Plaintiff; (16) whether the law entitles Plaintiff to restitution of all unjust enrichment defendants
15   have enjoyed from defendant's alleged violations of the New Jersey's  Labor and Worker's
16   Compensation Code, Federal Contract Clause and the Constitution of the US; (17) whether VG Labs
17   Inc owner Srinivas Guntuka willfully delayed Plaintiff's payments; (18) whether VG Labs Inc paid
18   bribes from Plaintiff's wages to all defendants who are party to this suit; (19) whether the law
19   entitles Plaintiff to equal pay without gender discrimination pursuant to relevant federal laws and
20   New Jersey laws.

21        27.    Joinder of all parties and its members is most appropriate to Fed. Rul. Civ. Proc. 19 (a)
22   (1) (A) and (B) and Fed. Civ. Proc. Rule 14 (a) (1) because defendants have acted and/or refused to
23   act on grounds generally applicable to Plaintiff, making appropriate declaratory and injunctive relief
24   with respect to Plaintiff Ms. Bhatt. The law entitles the Plaintiff to injunctive relief, including
25   restitution of the profits defendants have unlawfully acquired and retained through their illegal acts
26   "visibly" and "invisibly".

27        28.    Plaintiff has been severely damaged, exploited, insulted, defamed and abused by
28   defendants and is entitled to recovery as a result of defendants' common, uniform and illegal
29   policies and practices. Defendants have computerized payroll and personnel data that will make
30   calculations of damages for Plaintiff relatively straightforward. Plaintiff has maintained good record
31   keeping which will facilitate calculation of damages relatively easily.

1      29.     Defendants who are members of party 2 above have employed hundreds of non-U.S.

2    Citizens employees within BWC-OH who are employed through VG Labs Inc and who are from a

3    specific ethnic background from India. Most of these non-U.S. Citizens are employed based on

4    discriminatory employment practices, based on leaked interviews and fake resumes and, while on

5    their "Optional Practical Training" status by Srinivas Guntuka and Sunder Govindrajan in

6    participation with involved members of BWC-OH, all of whom are party to this suit. The precise

7    number of such employees is easily ascertainable from records' of BWC-OH, records of VG Labs Inc

8    as well as records of Maximation LLC.

9

## STATEMENT OF FACTS APPLICABLE TO ALL CLAIMS

10     30.     Plaintiff was involved in lengthy litigation with AT&T Inc. and State of New Jersey from

11    2009 to 2013. During that time Plaintiff came across many "visible" and "invisible" personnel who

12    participated in violating Plaintiff's civil rights by breaking all laws. For most part, in spite of collective

13    efforts of AT&T Inc. and many law enforcement members of State of New Jersey who cooperated

14    and at times conspired against Plaintiff, Plaintiff partially won some of those litigations. To some

15    extent, these litigations ruined perfectly clean records of Plaintiff as a victim of crimes of all others

16    involved in litigations. For litigations, for which Plaintiff partially or fully won, it was later on

17    discovered that all of those litigations involved breaches of multiple laws and violations of civil rights

18    of Plaintiff by all involved. As a result, Plaintiff filed a set of grievances with the ACJC-NJ (Advisory

19    Committee of Judicial Conduct) of State of NJ during 2014. Plaintiff's complaint with ACJC was

20    dismissed on May 12, 2014 by Mr. John Tonelli. Due to "confidential" nature of the complaint,

21    Plaintiff had not disclosed the matter with anyone.  Plaintiff was hired for BWC-OH for one year

22    contract opportunity on May 27, 2014. The timings of dismissal of ACJC complaint and BWC-OH

23    contract opportunity are correlated.

24     31.     Right after filing "grievances" complaint with ACJC-NJ and during May 2014, Plaintiff's

25    online job search activities were intercepted by unlawful wiretapping and interception of online

26    communication on the Internet by State of NJ which uses AT&T provided telecommunication

27    network at its various law enforcement venues including many courts, prosecutor offices, police

28    department network and 9-1-1 network. Based on unlawfully intercepted online communication

29    Plaintiff was forced for a contract job opportunity at Bureau of Workers Compensation in State of

30    Ohio (here in after referred to as the BWC –OH) under "joint employment arrangement" of BWC-

31    OH, Maximation LLC and VG Labs Inc to join BWC-OH as Plaintiff's "co-employer". This contract job

1   opportunity was created by defendants who were and are afraid of civil rights suit by Plaintiff and by
2   those who have committed crimes and participated in violations of Plaintiff's civil rights.

3   32.     The contract job opportunity required Plaintiff to sign an agreement with VG Labs Inc
4   that outlined terms and conditions of her employment as a consultant of VG Labs Inc stationed at its
5   client's premises BWC-OH in Columbus-OH. All employees of VG Labs Inc are non-citizens and all of
6   these individuals work at various client premises of VG Labs Inc in the USA. Plaintiff's contract job
7   opportunity at BWC-OH was created with malicious intent of knowingly and purposely involving the
8   Plaintiff for a job for her exploitation in which she was being used to pay a substantial part of her
9   wages for the work performed by her. The fraudulent arrangement of Plaintiff's employment was
10  architected by multiple "invisible" and "visible" defendants of this suit without her knowledge.
11  Fraudulent circumstances surrounding Plaintiff's hiring and abrupt firing at BWW-OH, were created
12  by defendants of this suit for exploiting Plaintiff.

13  33.     The agreement states that Plaintiff will be assigned work at VG Labs Inc' client premises
14  on a temporary basis for the contract duration starting on 05/27/2014 and ending on 06/30/2015,
15  with possibilities of further extension/s of project work assignment.

16  34.     The agreement states that the Plaintiff will be compensated at an hourly rate of
17  US$42/hour without any benefits.

18  35.     The agreement states that Plaintiff's hourly compensation will be subject to applicable
19  taxes and withholdings. The States of Ohio had three taxes, State tax, federal tax and city tax.

20  36.     The agreement states that Plaintiff will be paid Bi-weekly for her services at BWC-OH.

21  37.     The agreement states that Plaintiff's services will be assigned to VG Labs Inc client site
22  located at 30 W. Spring St, Columbus, OH 43228.

23  38.     The agreement states that over time hours will be paid as "straight hours". However,
24  the agreement does not state that overtime will be required.

25  39.     The agreement does ***NOT*** state that Plaintiff's bathroom and lunch break
26  minutes will be deducted for counting duration of her work for wages on BWC-OH premises.

27  40.     The agreement states that payment to Plaintiff will only be made for hours approved by
28  client BWC-OH.

29  41.     The agreement states unfair conditions of termination which requires Plaintiff to give 2
30  weeks' notice in the event Plaintiff terminates the contract and requires Plaintiff to pay penalty
31  amounts to VG Labs Inc in case of insufficient notice duration of less than two weeks.

42.     The agreement states unfair conditions of termination by VG Labs Inc without assigning any reason and any notice period.

43.     The agreement states that, "any communication regarding employment terms and conditions should not be discussed with the client".

44.     Plaintiff was employed by defendants of party 2 since May 27, 2014 upon moving from New Jersey to State of Ohio for this contract work opportunity.

45.     Plaintiff was abruptly terminated by party 2 on July 30, 2014 in breach of contract without any notice and without any reasons of termination. **Exhibit B shows termination email.**

46.     VG Labs Inc is the information technologies outsourcing/consulting arm of BWC-OH and Maximation LLC. Maximation LLC, VG Labs Inc and Bureau of Workers Compensation have branch offices and/or continuous business transactions and contacts throughout the United States, including but not limited to, Virginia, Delaware, North Carolina, Ohio, New York, New Jersey, Texas, and Washington.

47.     On information and belief, Plaintiff alleges that VG Labs Inc employ all workers as consultants that work on-site with other US businesses such as Maximation LLC and BWC-OH.

48.     On information and belief, Plaintiff alleges that BWC-OH employs most workers as consultants supplied directly by Maximation LLC and indirectly by VG Labs Inc and on recommendations of Mr. Sunder Govindrajan and Mr. Dallas under Ms. Janet Mihalopolous' business unit within BWC.

49.     Each week that Plaintiff worked for defendants at BWC-OH, she was required to fill up a timesheet for the number of hours worked by her excluding durations of bathroom breaks, coffee and/or Tea breaks and lunch break taken by her, if any.  Plaintiff was required to email and fax approved time sheets approved by Ms. Janet Mihalopolous to both, Maximation LLC and VG Labs Inc.

50.     Each hour that Plaintiff worked for defendants at BWC-OH, the BWC-OH sent to Maximation LLC weekly checks made out at the hourly wage rate of $108/hour for total hours worked by Plaintiff for that week. From that amounts, Maximation LLC paid "unknown amounts" to "visible" and "invisible" defendants, including VG Labs Inc. After everyone except the Plaintiff was paid, VG Labs Inc made more than 7 weeks late delayed payments to Plaintiff at $42/hour after withholding "required taxes" from her wages. Accordingly, 61.11% of Plaintiff's wages was distributed to "invisible" and "visible" defendants and without her knowledge which was out of IT consulting business norms.

51.     On information and belief, Plaintiff alleges that Plaintiff was paid $10 less than similarly employed male consultant of VG Labs Inc for doing the same job who was hired on the same day as Plaintiff's joining date. On information and belief, Plaintiff further alleges that the other male worker was employed during his "Optional Practical Training" duration and based on a fake resume prepared by VG Labs Inc showing his fake experiences. Plaintiff further alleges, on information and belief that, the other male candidate was hired based on a leaked set of 20 interview questions and answers prepared and distributed by VG Labs Inc, Ms. Janet Mihalopolous, Mr. Dallas and Mr. Sunder Govindrajan all of whom were given "invisible" payment "cuts" from hourly wages of all workers they hired based on fraudulent scheme of side income which is why the agreement with VG Labs Inc specifically barred consultants from "communicating any matters related to agreement terms and conditions with BWC-OH" to facilitate end-to-end cover up of unfair and unlawful hiring practices.

52.     On information and belief, Plaintiff alleges that, other male candidate who was hired for unfairly competing with Plaintiff was paid $10/hour more compared to Plaintiff based on a training he had completed for a few weeks on line, during his "Optional Practical Training" duration upon completion of his education out of college. Such trainings are given from overseas by people from specific ethnic background and specific geography in Southern part of India which also belongs to Mr. Sunder Govindrajan and Mr. Guntuka.   On information and belief, Plaintiff further alleges that, within IT industry, current trend is to use OPT students by giving them unaccredited and no quality trainings by consulting firms and to prepare fake resumes of OPT candidates to place them at various client premises for billing highest possible hourly rates, as was done to male counterpart who was being paid $118/hour based on his fake resume and without genuine experiences. On information and belief, Plaintiff further alleges that about 90% of such Opt candidates then replace US workers as there is tax incentive to OPT students and their employers due to "Tax Exempt Status" of OPT students.

53.     On information and belief, Plaintiff alleges that, the male counterpart who was being given utmost attention by Ms. Janet Mihalopolous and who was placed to unfairly compete with Plaintiff, was hired after trainings at one of such OPT candidate driven consulting firms advertised on www.sulekha.com which runs explicit advertisements for trainings to OPT students and advertisements of promises of jobs to OPT students at all types of businesses upon completion of such "trainings".

54.     On information and belief, Plaintiff alleges that, currently to deter such practices of unfair competitions and fraudulent business practices using OPT students, federal initiative of either reducing or eliminating OPT durations or using mandatory "Training Plan" submissions to the DHS is underway by multiple federal agencies such as the DHS and the US DOJ. Plaintiff further alleges on information and belief that, complete elimination of OPT or OPT extension durations is likely by May 10,2016 based on the court order issued by Hon. Judge Ellen Huvelle on February 12, 2016.

55.     On information and belief, Plaintiff further alleges that, many consulting firms and end clients such as BWC-OH, Maximation LLC and VG Labs Inc, architect a very easy scheme of getting any one hired for unnecessary job requirements created by clients by giving under the table "cuts" to all members involved in interviewing, recommending and hiring consultants from specific consulting firms which are known as "preferred vendors" of end clients and have bribery driven "smooth business relations" among them.  On information and belief, Plaintiff further alleges that, any consultant who detects such practices is collectively fired by all "co-employers" based on end-to-end lies propagated by "co-employers".

56.     On information and belief, Plaintiff alleges that defendants have retained that proceeds of bribes from Plaintiff's wages by deducting $66/hour for 8+ weeks of her work at BWC-OH prior to her abrupt and unlawful termination from BWC-OH on July 30, 2014 without notice to her. Defendants have not repaid these funds to Plaintiff as Plaintiff had not signed over those amounts to "visible" and "invisible" defendants.

57.     On information and belief, Plaintiff alleges that defendants have taken the proceeds from Plaintiff's wages and diverted them towards their employer taxes by altering employer tax withholding formulas in their pay rolls. Defendants have not paid that money to Plaintiff.

58.     On information and belief, Plaintiff alleges that defendants have received as much as $26375.25 for total hours Plaintiff worked at BWC-OH prior to her unlawful termination. Defendants have not paid that money to Plaintiff.  Plaintiff further alleges that she lost possible wages in the amount of $224640 due to her abrupt unlawful termination from BWC-OH.

59.     Plaintiff estimates that defendants and "co-employers" have retained nearly $1500 in federal, state and city taxes cut from Plaintiff's wages by altering payroll tax calculation formulas by fractions and diverted those amounts towards employer taxes.

60.     On information and belief, Plaintiff alleges further that, Plaintiff was asked to work for at least 50 hours a week by her supervisor Ms. Janet Mihalopolous to facilitate more "cuts" and

"bribes" to all involved defendants. Plaintiff further alleges that Plaintiff has not been provided with accurate wage statement because the statement did not account for the part of wages Plaintiff required to pay to defendants for "buying her job" at "BWC-OH". By failing to provide accurate wage statement, defendants and "co-employers" of Plaintiff willfully refused to provide Plaintiff with accurate wage statements.

61.     On information and belief, Plaintiff alleges further that, Plaintiff's supervisor Ms. Janet Mihalopolous had almost forced her to go to work at BWC-OH in spite of Plaintiff being sick because, Plaintiff's absence from work translated in less number of billable hours on Plaintiff's name and less number of "cuts" to all defendants from Plaintiff's wages.

62.     On information and belief, Plaintiff alleges further that, Plaintiff's less than 20 minute long tea breaks and lunch break as well as bathroom breaks were deducted from her billable work duration. On information and belief, Plaintiff further alleges that BWC-OH unlawfully retained all belongings of Plaintiff upon her termination and did not return it to her which included, Lipton Tea bags and additional personal belongings. On information and belief, Plaintiff further alleges that, many bathroom and coffee breaks were taken by her competitor and male counterpart who was using those breaks to text to his consulting firms and senior consultants to assist him performing his daily job activities by asking specific SQL Queries to complete task assignment as he lacked genuine work experiences.

63.     On information and belief, Plaintiff further alleges that defendants and co-employers of Plaintiff, knowingly and purposely altered timesheets submitted by Plaintiff for delaying her payments and possibly for getting away with any payments if Plaintiff allowed.

64.     On information and belief, Plaintiff further alleges that, owner of VG Labs Inc, Mr. Srinivas Guntuka, himself worked as a consultant of BWC-OH and as part of the same team which further facilitated leaking of interviews and facilitated hiring consultants of his own firm using his connections at BWC-OH. On information and belief, Plaintiff alleges further that, BWC-OH was aware of this fact and yet allowed business of Mr. Guntuka by allowing him to run his consulting business within BWC's insurance business and by bypassing all ethical and moral as well as business standards pertaining to issues of "Conflicts of Interests".

65.     On information and belief, Plaintiff further alleges that defendants pre-planned abrupt and unlawful termination of Plaintiff and further alleges that, both, Maximation LLC CEO Ronald Brown and BWC-OH director Ms. Janet Mihalopolous hid behind false excuses of "family

1    emergency" and "sudden vacation" respectively, and remained absent and unavailable on line, to
2    avoid confronting Plaintiff on the day of her preplanned unlawful termination by all of them.

3       66.     On information and belief, Plaintiff further alleges that all consulting workers employed
4    at BWC-OH are hired and retained by similar unfair and unlawful business practices in which all
5    consultants are required to sign over substantial parts of their wages on an "agreement" to bribe all
6    personnel involved in hiring any consultant, with or without genuine resumes and genuine
7    experiences of consultants and, without knowledge of exact amounts being signed over to their "co-
8    employers". On information and belief, Plaintiff further alleges that, as soon as a consulting worker
9    finds out any illegal practices of all involved, s/he is abruptly terminated. On information and belief,
10   Plaintiff further alleges that for such "temporary work opportunities", workers are asked to make
11   cross country and out of state moves, at their expenses and inconveniences for unjustly enriching all
12   involved in hiring and "approving employment" of workers as it also occurred to Plaintiff.

13      67.     On information and belief, Plaintiff further alleges that due to interferences of State of
14   NJ and AT&T to as far as BWC-OH, upon Plaintiff's unlawful termination she was not provided with
15   unemployment benefits in State of Ohio. Plaintiff had to return back to New Jersey upon her
16   termination and had lost her New Jersey accommodation as a result of her move to Ohio for BWC-
17   OH work assignment.  Plaintiff further alleges that she was not provided with unemployment
18   benefits at State of NJ upon her return due to interferences of defendants.

19      68.     On information and belief, Plaintiff alleges further that defendants and "co-employers"
20   of Plaintiff have failed to comply with the terms of their "joint employment arrangement"
21   agreement by failing to pay Plaintiff in full on time and without delay, by failing to pay over time, by
22   failing to retain Plaintiff for the duration of contract term at reasonable wages for which she was
23   forced to move from New Jersey to Ohio.

24      69.     On information and belief, Plaintiff further alleges that this matter is much similar to the
25   matters of *Vedachalam vs Tata America International Corporation et al, U.S. District Court,*
26   *Northern District of California (Oakland), No. 06-963,* where such unlawful employment practices
27   driven by "agreements" was punished by the Court.

28      70.     On information and belief, Plaintiff further alleges that roots of this contract job
29   opportunity are in State of New Jersey where Plaintiff's online job search activities were intercepted
30   in violations of U.S.C. §§2511, §§2512, §§2520, §§2521 and §§2520 resulting into violations of
31   Plaintiff's privacy rights. Plaintiff further alleges that, Plaintiff had experienced similar interceptions
32   by law enforcement of State of New Jersey and AT&T Inc., during her earlier litigations against both.

1     Plaintiff further alleges that, for most part, most law enforcement venues within State of New Jersey

2     had protected AT&T interests as opposed to Plaintiff's interests.

3     71.     On information and belief, Plaintiff further alleges that BWC-OH uses AT&T Inc. provided

4     telecom network for all business purposes including but not limited to emailing, faxing and for the

5     Internet. Plaintiff further alleges that, based on the fact that BWC-OH and AT&T are each other's

6     clients as well as customers and based on the legal complexities involved in "joint employment

7     arrangement", this BWC-OH work opportunity was created jointly by State of NJ and AT&T Inc.

8     which also uses AT&T provided telecom network at unemployment offices, State of NJ courts and

9     State prosecutor offices. On information and belief, Plaintiff further alleges that there may be many

10    more "invisible" members involved in this controversy behind the scene in addition to AT&T, all of

11    whom can be brought in on as needed basis and upon further investigations.

12    72.     On information and belief, Plaintiff further alleges that AT&T Inc. had first initiated and

13    continued abuses of Plaintiff by using job opportunities as a means to control, abuse, intimidate and

14    destroy Plaintiff on multiple occasions using many "visible" and "invisible" members within and

15    outside of AT&T and within law enforcement of State of NJ. Plaintiff further alleges that, such

16    conducts of defendants may be qualified as a conduct of Racketeering and Corrupt organizations

17    pursuant to Section 901(a) of RICO act codified under 18 U.S.C. § 1961–1968.

18    73.     On information and belief, Plaintiff alleges that defendants violated Plaintiff's civil rights

19    in violations of 42 U.S.C. § 1983, the Fourth, Thirteenth and Fourteenth amendments of the

20    Constitution of the US and under Title VI of Civil Rights Act of 1964. Plaintiff further alleges that

21    defendants also violated Plaintiff's contract rights in violations of 42 U.S.C. §1985 (3) in addition to

22    discriminating her on multiple basis. Plaintiff further alleges that these conduct of defendants

23    formed an act of forced slavery of Plaintiff.  Forced Slavery is in violation of Sec.1 of the thirteenth

24    amendment of the US Constitution.

25    **FIRST CLAIM FOR RELIEF: CONSPIRACY TO INTERFERE WITH PLAINTIFF'S CIVIL RIGHTS**

26    **CLAIM AGAINST ALL DEFENDANTS UNDER THE FOURTEENTH AMENDMENT OF THE US CONSTITUTION**

27    **AND UNDER 42 U.S.C. § 1983, 42 U.S.C. § 1985 (3), Title VI of Civil Rights Act of 1964 (42 U.S.C.**

28    **2000d), 15 U.S.C. § 1 -2, 15 U.S.C. § 13(f)**

29    74.     Plaintiff hereby incorporates by reference the allegations contained in all preceding

30    paragraphs of this complaint.

31    75.     Plaintiff brings this action on behalf of herself against all defendants to this suit.

1    76.    Defendants architected a scheme of Plaintiff's exploitation thorough "joint
2    employment" arrangement benefitting all of them by diverting substantial part of Plaintiff's wages
3    to their gains. Many "visible" and "invisible" defendants were "bribed" from wages of Plaintiff
4    without her knowledge. Defendants knowing and purposely induced discriminatory compensation
5    price for Plaintiff's wages for compensating Plaintiff for conspired contract in violation of 15 U.S.C. §
6    13 (f).

7    77.    All defendants participated in a conspiracy of exploiting and abusing Plaintiff by forcing
8    her to work for a contract at BWC-OH. Defendants are therefore, liable for conspiracy to interfere
9    with Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (3). Defendants are
10   criminally prosecutable for criminal money laundering conspiracy of making Plaintiff move, almost
11   by force, from New Jersey to Ohio for their selfish and unlawful agendas and for an attempt to
12   coerce Plaintiff in their illegal trade practices resulting in additional violations of 15 U.S.C. § 1 and
13   §2. Plaintiff's unemployment benefits were also denied due to adverse interferences of defendants.
14   Plaintiff's appeal for benefits was denied without hearing, in spite of multiple appeals at State of
15   Ohio due to interferences of defendants in violations of Title VI of Civil Rights Act of 1964, 42 U.S.C.
16   2000d et. Seq. and violations of substantial due processes guaranteed by the 14th Amendment of
17   the US Constitution.

18   78.    By requiring Plaintiff to move out of New Jersey to Ohio at her expenses and at her
19   hardships for one year contract, defendants intentionally taken dominion and control over Plaintiff.
20   Defendants purposely and knowingly attempted to get Plaintiff out of State of New Jersey to use her
21   as their slaves to enrich them and for the purpose of avoiding civil litigations by her against them for
22   their prior illegal acts and deeds done by them to Plaintiff in New Jersey.  Plaintiff not only lost her
23   New Jersey accommodation, she also had to live in a worst class motel with second hand smoking
24   side effects for more than two months in State of Ohio during few weeks of contract work where
25   doors of her motel room were knocked at midnight. Plaintiff was also intimidated by midnight prank
26   calls.

27   79.    Defendants' actions seriously interfered with Plaintiff's rights to contract and rights to
28   contract without any interference by anyone. Defendants' conduct also severe hardship and
29   inflicted emotional distress.

30   80.    Plaintiff therefore seeks injunctive relief of restraints against defendants pursuant to 15
31   USC § 4 by investigating all "visible" and "invisible" conspirators pertaining to 15 USC§ 5.

32   81.    Plaintiff also requests relief as provided in the Prayer for Relief below.

1        **SECOND CLAIM FOR RELIEF: WIRETAPPING AND UNLAWFUL INTERCEPTIONS**

2        **CLAIM AGAINST ALL DEFENDANTS: UNDER FOURTH AND FOURTEENTH AMENDMENTS AND**

3                **UNDER 42 U.S.C. § 1983, VIOLATIONS OF 18 U.S.C. 2511- 2512**

4        82.     Plaintiff hereby incorporates by reference the allegations contained in all preceding

5        paragraphs of this complaint.

6        83.     Plaintiff brings this action on behalf of herself against all defendants to this suit.

7        84.     Defendants unlawfully wiretapped and intercepted Plaintiff's online job search efforts

8        on the Internet in participation with "invisible" personnel acting in concert with defendants.

9        Defendants also hacked her laptop and her TD Bank account while she was in Ohio.

10       85.     Defendants' actions are in violations of 18 U.S.C. § 2511 and 18 U.S.C. § 2512.

11       86.     Plaintiff had to rush to NJ by more than 10 hours long overnight bus journey each way,

12       from Ohio to New Jersey and back to Ohio to visit TD Bank branch for her bank account inquiry.

13       87.     Defendants' actions put Plaintiff in a tough situation of having no money for 3 weeks in

14       an unknown place in Ohio until bank reimbursed her money. TD Bank also discovered that the bank

15       account was hacked within the US. Later on Plaintiff's personal laptop was seriously hacked and

16       destroyed by a very sophisticated attack from law enforcement of NJ in participation with "visible"

17       and "invisible" defendants. Within 6 weeks of joining the contract, Plaintiff suffered additional

18       inconveniences and losses due to these events in which she also ended up losing what she originally

19       had instead of earning.

20       88.     Plaintiff therefore requests, investigation against all involved defendants by this

21       Honorable court to investigate if any defendant had authorized unlawful wiretapping and

22       interception of Plaintiff's on line digital communication by any means using any court of State of

23       New Jersey without Plaintiff's knowledge based on similar unlawful tactics exercised by defendants

24       against the Plaintiff in past.

25       89.     Defendants' conduct as alleged above is in violations of 42 U.S.C. § 1983 because

26       defendants violated Plaintiff's online privacy in violations of 18 U.S.C. § 2511 and 18 U.S.C. §2512.

27       90.     Plaintiff therefore seeks punitive and declaratory damages pursuant to 18 U.S.C. § 2520

28       and also seeks injunctive relief pursuant to 18 U.S.C. § 2521.

29                        **THIRD CLAIM FOR RELIEF: CONVERSION**

30       **CLAIM AGAINST ALL DFEDENDANTS: VIOLATIONS OF NJ. LABOR AND WORKER'S COMPENSATION**

31                            **CODE § 8-65(L)**

91.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

92.     Plaintiff brings this action on behalf of herself against all defendants to this suit.

93.     he period of violations by defendants is from May 27, 2014 to the date of judgement in this action.

94.     By requiring Plaintiff to sign over 61.11% her wages to "invisible" and "visible" defendants using unlawful agreement condition of "No communication with client for agreement terms and conditions" to facilitate their end to end cover up of forced bribery without Plaintiff's knowledge, defendants have intentionally taken dominion and control over Plaintiff.

95.     Defendants' actions seriously interfered with Plaintiff's rights to control and use her wages and earnings.

96.     Defendants' actions have caused Plaintiff significant financial injury. Defendants' alleged conversion of Plaintiff's wages as well as partial taxes has deprived Plaintiff of as much as thousands of dollars.

97.     Defendants' conduct as alleged above constitutes conversion, as articulated by the laws of New Jersey, and, in the alternative, the laws of Ohio and the laws of the United States pertaining to the Supremacy Clause. See, Vedachalam vs Tata America International Corporation et al, U.S. District Court, Northern District of California (Oakland), No. 06-963.  In that case, the court had applied laws of California as opposed to laws of New York, although New York was the principle place of business of one of the defending party and India was principle place of business for another defendant in that case. Furthermore, in that case, the district court had applied California labor laws although employers had required employees to "sign" an "agreement" for agreeing with employer preferred venue of Maryland as venue of employees' preference for any future litigation as part of "terms and conditions" imposed on employees by their employment "agreement". Based on totality of circumstances, in TCS vs Vedachalam, the California district court had applied labor laws of State of California. Accordingly, application of labor code of State of New Jersey is proper for this claim.

98.     Defendants' conduct as alleged above is in further violations of New Jersey Labor and Worker's Compensation Code § 8-65(L).

99.     Plaintiff requests relief as provided in the Prayer for Relief below.

## FOURTH CLAIM FOR RELIEF: BREACH OF CONTRACT
## CLAIM AGAINST ALL DEFENDANTS

Complaint Document 1-1                    Filed 04/14/2016                    Page 23 of 41

100.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

101.   Plaintiff brings this action on behalf of herself against all defendants to this suit.

102.   The period of violations by defendants is from May 27, 2014 to the date of judgement in this action.

103.   By failing to pay fair wages, by failing to pay wages on time and by failing to retain Plaintiff for said duration of contract from 05/27/2014 to 06/30/2015, defendants breached the contract.

104.   Defendants' breach of contract terms and conditions of their contract entitles Plaintiff to restitution and recovery of all damages caused by defendants' nonperformance.

105.   It is inequitable for defendants to retain 61.11% of her wages by deception.

106.   Defendants' conduct as alleged above establishes a claim of breach of contract, as articulated by the restatement of contracts, the laws of New Jersey and as articulated in paragraph no. 101 above.

107.   Plaintiff requests relief as provided in the Prayer for Relief below.

## FIFTH CLAIM FOR RELIEF: UNJUST ENRICHMENT
## CLAIM AGAINST ALL DEFENDANTS

108.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

109.   Plaintiff brings this action on behalf of herself against all defendants to this suit.

110.   The period of violations by defendants is from May 27, 2014 to the date of judgement in this action.

111.   By unlawfully converting 61.11% of Plaintiff's wages to "invisible" and "visible" defendants using unlawful and unfair business practices, Plaintiff, conferred substantial benefits upon defendants each work hour, each week and each pay cycle, worth as much as thousands of dollars.

112.   By requiring Plaintiff to sign agreement with proposed substantially lower and exploitative wages over to defendants, defendants knew of and fully appreciated the benefit they were receiving.

113.   By breaching the contract with Plaintiff in a way that allowed defendants to retain substantial part of Plaintiff's wages that rightfully belonged her, Plaintiff has conferred substantial benefit to the defendants.

114.    It is inequitable for defendants to retain Plaintiff's wages which belonged to Plaintiff.

115.    Defendants conduct as alleged above establishes a claim for unjust enrichment, as articulated by the laws of New Jersey and laws of United States.

116.    Plaintiff requests relief as provided in the Prayer for Relief below.

### SIXTH CLAIM FOR RELIEF: UNPAID OVERTIME

### CLAIM AGAINST ALL DEFENDANTS: VIOLATION OF NJ. WAGE AND HOUR CODE § 11-56a4

117.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

118.    Plaintiff brings this action on behalf of herself against all defendants to this suit.

119.    The period of violations by defendants is from May 27, 2014 to the date of judgement in this action.

120.    Plaintiff was asked to put as many hours as she can for working overtime. Plaintiff was not paid for overtime wages for durations of overtime work she performed.

121.    Pursuant to New Jersey Wage and Hour Law Code § 11-56a4, "Any employer is required to pay 1.5 times employee's regular hourly wages for each hour of working time in excess of 40 hours in any week,…"

122.    Defendants' conduct as alleged above constitutes a violation of New Jersey Labor Code § 11-56a4, because defendants required Plaintiff to "work as many hours as possible" but, did not pay over time for Plaintiff's work hours in excess of 40 hours in a week.

123.    It is inequitable for defendants to retain Plaintiff's overtime wages which belongs to Plaintiff.

124.    Plaintiff requests relief as provided in the Prayer for Relief below.

### SEVENTH CLAIM FOR RELIEF: CLAIM AGAISNT ALL DEFENDANTS

### VIOLATION OF NEW JERSEY LABOR AND WORKER'S COMPENSATION CODE §§ 8-52 (N),

### 8- 64 (d) (i) and (ii), 8- 64 (d) (2) (b) & (d) AND, 11-4.14 (a)

125.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

126.    Plaintiff brings this action on behalf of herself against all defendants to this suit.

127.    The period of violations by defendants is from May 27, 2014 to the date of judgement in this action.

128. Pursuant to New Jersey Labor Code § 8- 52(N), "It shall be unlawful for any employer to demand, charge, collect or receive a fee from an employee unless in accordance with the terms of a written contract or agreement with a job seeker."

129. Defendants' conduct is in violations of New Jersey Labor and Worker's Compensation Code of § 8-52 (N) because they took away $66/hour from Plaintiff's wages without any such written contract or agreement with the Plaintiff.

130. Pursuant to New Jersey Labor Code § 8- 64 (d), "It shall be in violations of any consulting firm or its agents to (i) Make, or cause to be made, publish or cause to be published, any false, misleading, or deceptive advertisement or representation concerning the services or products that the firm provides to job seekers; (ii) Disseminate information to a job seeker knowingly or recklessly disregarding information that the job has been described or advertised by or on behalf of the firm in a false, misleading, or deceptive manner and, that the registrant has not obtained written or oral permission to list the job from the employer or an authorized agent of the employer".

131. Defendants' conduct is in violations of New Jersey Labor and Worker's Compensation Code § 8- 64 (d) (1) because, defendants published deceptive advertisement by intercepting Plaintiff's online job search activities. Defendant's conduct is in further violations of New Jersey Labor and Worker's Compensation Code § 8- 64 (d) (2) (b) as was described in deceptive manners. Defendants' conduct is in further violations of New Jersey Labor and Worker's Compensation Code § 8- 64 (d) (2) (d) because unlawful contract term and condition no. 9 (ii) specifically prohibited Plaintiff from communicating with the BWC-OH and Maximation LLC regarding employment terms and conditions as if all involved defendants wanted to operate a "cover up" of illegal employment practices which continued even after Plaintiff reported to the BWC-OH and Maximation LLC, upon which Plaintiff was the only one to let go while all others continued to be employed by BWC-OH.

132. Pursuant to New Jersey Labor and Worker's Compensation Code § 34:11-4.14 (a) , "It shall be unlawful for any person to purchase or have assigned to him, other than by order of court, any salary, or any part thereof, due or to become due to any employee and any purchase or assignment, whenever executed, shall be void. It shall also be unlawful for any person to withhold or to pay to any other person on the basis of any assignment or purchase prohibited by this section any salary, wages, commissions, pay or other compensation due to employee."

133. Defendants' violated New Jersey Labor and Worker's Compensation Code § 34:11-4.14 (a) because, defendants hired Plaintiff by deceptive employment practices without her knowledge

1    and after taking away $66/hour from Plaintiff's wages, used that amount to give bribes to one

2    another and to additional "invisible" agents acting behind the scene and in concert with defendants.

3    134.    Defendant's conduct as alleged above constitutes a violations of New Jersey Labor and

4    Worker's Compensation Code section §§ 8- 52(N), 8- 64 (d) (i) and (ii),  8- 64 (d) (2) (b), 8- 64 (d) (2)

5    (d) and,  34:11-4.14 (a) because defendants' architected a scheme of framing and using Plaintiff by

6    forcing her to get into an illegal contract with an employee of an end client, and client's preferred

7    vendor as co-employers. By making Plaintiff to sign over substantial part of her wages and fraction

8    of taxes, defendants required Plaintiff to return to defendants, substantial part of wages paid by

9    defendants to her which they distributed among themselves and additional "invisible" agents.

10    135.    Defendants' improper, unfair and unlawful business practices and acts alleged herein

11    constitute a continuing threat to Plaintiff and members of the public in that, unless restrained,

12    Defendants may continue to violate New Jersey Labor and Worker's Compensation Laws.  Pursuant

13    to N.J.S.A. 34:11-10, Plaintiff, on behalf of herself, and the general public, seeks a permanent

14    injunction requiring defendants to cease their unlawful and unfair practices and acts.

15    136.    As a direct and proximate result of the aforementioned practices and acts, Defendants

16    have been unjustly enriched, and Plaintiff, and the general public are entitled to restitution in an

17    amount to be determined at trial.

18    137.    Plaintiff requests relief as provided in the Prayer for Relief below.

19    **EIGHTH CLAIM FOR RELIEF DELAYED WAGES: CLAIM AGAINST ALL DEFENDANTS**

20    **VIOALTIONS OF NJ LABOR AND WORKER'S COMPENSATION CODE §§ 11-4.2 – 4.3 and 11-4.7**

21    138.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

22    paragraphs of this complaint.

23    139.    Plaintiff brings this action on behalf of herself against all defendants to this suit.

24    140.    The period of violations by defendants is from May 27, 2014 to the date of judgement in

25    this action.

26    141.    Pursuant to NJ Labor and Worker's Compensation Code § 11-4.2, "Except as otherwise

27    provided by law, every employer shall pay the full amount of wages due to his employees at least

28    twice during each calendar month, on regular paydays designated in advance by the employer, in

29    lawful money of the United States or with checks on banks where suitable arrangements are made

30    for the cashing of such checks by employees without difficulty and for the full amount for which

31    they are drawn. If a regular payday falls on a nonwork day, that is, a day on which the workplace of

32    an employee is not open for business, payment shall be made on the immediately preceding work

1   day, except where it is otherwise provided for in a collective bargaining agreement. The end of the

2   pay period for which payment is made on a regular payday shall be not more than 10 working days

3   before such regular payday, provided that if the regular payday falls on a nonwork day payment

4   shall be made on the preceding work day."

5       142.    Defendants violated NJ Labor and Worker's Compensation Code § 11-4.2 because

6   Plaintiff was not paid for more than 7 weeks for her work. Defendants knowingly and purposely did

7   not pay Plaintiff in spite of her repeated requests for payment in the hope of taking away full wages

8   of Plaintiff and continued to intentionally ignore payment requests by Plaintiff during her motel stay

9   in Ohio.

10      143.    Pursuant to NJ Labor and Worker's Compensation Code § 11-4.2a," An employer may,

11  with the consent of, some or all his employees, arrange with a financial institution or financial

12  institutions to pay the wages of each employee so consenting by causing the amount of such

13  employee's wages to be deposited in an account maintained in any such financial institution in the

14  name of such employee, subject to withdrawal and other disposition by such employee to the same

15  extent and in the same manner as if such deposit were made directly by such employee. Any such

16  employee may, on timely notice to the employer, elect not to have his wages deposited as provided

17  herein, and to be paid such wages directly in the manner otherwise provided by law. "

18      144.    Defendants violated NJ Labor and Compensation Code § 11-4.2A by arranging hacking of

19  Plaintiff's TD Bank Account she had consented to have her wages directly deposited into.

20  Defendants hacked and took away all money of Plaintiff from her TD Bank account after the one and

21  only deposit made for her wages which was used as a technique of hacking Plaintiff's TD Bank

22  account afterwards.

23      145.    Pursuant to NJ Labor and Compensation Code § 11-4.7, "It shall be unlawful for any

24  employer to enter into or make any agreement with any employee for the payment of wages of an

25  such agreement with any employee for the payment of wages of any such employee otherwise than

26  as provided in this act, except to pay wages at a shorted intervals than as herein provided, or to pay

27  wages in advance. Every agreement made in violation of this section shall be deemed to be null and

28  void, and the penalties in this act provided may be enforced notwithstanding such agreement; and

29  each and every employee with whom any agreement in violation of this section shall be made by

30  any such employer, or the agent or agents thereof, shall have a right of civil action against any such

31  employer for the full amount of his wages in any court of competent jurisdiction in this State."

146.    Defendants' violated NJ Labor and Compensation Code § 11-4.7 by withholding Plaintiff's wages for more than three weeks while she continued to wait for her payment in Ohio. Defendants conduct entitles Plaintiff for a civil action of recovery of full wages and entitles lawful injunctions for penalties to her co-employers.

147.    Pursuant to NJ Labor and Compensation Code § 34:11-4.3, "Whenever an employer discharges an employee, or when the work of an employee is suspended as a result of a labor dispute, or when an employee for any reason whatsoever is laid off, or whenever an employee quits, resigns, or leaves employment for any reason, the employer shall pay the employee al wages due not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment (whether temporary or permanent) took place, …or in the case of employees compensated in part of in full by an incentive system, a reasonable approximation of all wages due, until the exact amounts due can be computed."

148.    Defendants violated NJ Labor and Worker's Compensation Code § 34:11-4.3 by not paying Plaintiff for more than 3 weeks and until after suddenly vacationing BWC-OH director returned from her surprising and sudden vacation which started on the day of Plaintiff' abrupt unlawful termination without notice. Defendant co-employers knew and had preplanned abrupt termination of Plaintiff and were hoping to take away all wages of Plaintiff if Plaintiff went back to New Jersey from Ohio during BWC-OH director's vacation. Defendant Maximation LLC had also disappeared without pay citing personal reasons.

149.    Defendants' wanton and willful conduct as alleged above has damaged Plaintiff by wrongfully failing to pay her all wages due upon termination of employment within required pay duration by law. Such conduct was substantially injurious to Plaintiff as she had to continue to stay at the motel in Ohio waiting suddenly disappeared and vacationing BWC-OH director and Maximation LLC CEO during which Plaintiff accumulated substantial lodging and boarding expenses in addition to pain and suffering due to uncertainties.

150.    Under the circumstance alleged herein, it would be inequitable and result in a miscarriage of justice for defendants to continue to retain property of Plaintiff and if defendants are unpunished and are allowed to continue such unlawful practices of damaging Plaintiff and members of public, entitling Plaintiff to restitution of the unfair benefits obtained and disgorgement of Defendants' ill-gotten gains.

151.    As a result of Defendants' unlawful business acts or practices, defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff.

1      152.    Defendants' improper, unfair and unlawful business practices and acts alleged herein
2  constitute a continuing threat to Plaintiff, and members of the public in that, unless restrained,
3  defendants may continue to violate New Jersey Labor and Worker's Compensation Laws. Pursuant
4  to NJ Labor and Worker's Compensation Code § 11-4.10, Plaintiff on behalf of herself, and the
5  general public, seeks a permanent injunction requiring defendants to cease their unlawful and unfair
6  business practices and acts.

7      153.    As a direct and proximate result of the aforementioned practices and acts, defendants
8  have been unjustly enriched, and Plaintiff, and the general public are entitled to restitution in an
9  amount to be determined at trail.

10     154.    Plaintiff requests relief as provided in the Prayer for Relief below.

11            **NINETH CLAIM FOR RELIEF - WAGE STATEMENT: CLAIM AGAINST ALL DEFENDANTS**

12     **VIOALTIONS OF NJ LABOR AND WORKER'S COMPENSATION CODE § 11-4.4, § 11-4.6 (c) & (e),**

13                                        **And § 11-56a20**

14     155.    Plaintiff hereby incorporates by reference the allegations contained in all preceding
15  paragraphs of this complaint.

16     156.    Plaintiff brings this action on behalf of herself against all defendants to this suit.

17     157.    The period of violations by defendants is from May 27, 2014 to the date of judgement in
18  this action.

19     158.    Pursuant to NJ Labor and Worker's Compensation Code § 11-4.4, "No employer may
20  withhold or divert any portion of an employee's wages unless .... Contributions authorized either in
21  writing by employees …..".

22     159.    Defendants violated NJ Labor and Worker's Compensation Code § 11-4.4 by diverting
23  61.11% of Plaintiff's wages without Plaintiff's knowledge. Plaintiff had not authorized such
24  conversion to all of her co-employer and their "visible" and "invisible" agents.

25     160.    Pursuant to NJ Labor and Worker's Compensation Code § 11-4.6 (c), "Every employer
26  shall furnish each employee with a statement of deductions made from his wages in accordance
27  with section of NJ Labor and Worker's Compensation Code for each pay period such deductions are
28  made."

29     161.    Defendants violated NJ Labor and Worker's Compensation Code § 11-4.6 (c) by not
30  providing statement of wages reflecting 61.11% of her wages being diverted to "visible" defendants
31  and their "invisible" agents.

1    162.    Pursuant to NJ Labor and Worker's Compensation Code § 11-4.6 ( e ), "Every employer

2    shall make such records as to the persons employed by him, including wage and hour records and

3    preserve such records for such periods of time, ....   for the enforcement of the provisions of this

4    act... where the wages of such person or persons are not determined by the number of hours

5    worked."

6    163.    Defendants violated NJ Labor and Worker's Compensation Code § 11-4.6 (e) and § 11-

7    56a20 by not maintaining accurate and proper wage and hour records and by failing to adequately

8    provide accurate itemized wage statements to Plaintiff. Defendants routinely changed receipt

9    numbers and hours on timesheets after submission of timesheets by Plaintiff and without her

10   knowledge, consent and approval of Plaintiff. The wage statements defendants provided did not

11   accurately reflect the employees' gross or net wages, as they failed to show deductions defendants

12   required Plaintiff to return to them. Defendants articulated their errors by self-contradictory

13   statements made by all of them to Plaintiff during Plaintiff's efforts to find out root cause of delayed

14   or no payments for weeks.

15   164.    Defendant's conduct alleged above constitutes a violation of NJ Labor and Worker's

16   Compensation Code § 11-4.6 (e) and § 11-56a20, as defendants failed adequately to provide

17   accurate itemized wage statements to Plaintiff.

18   165.    Defendants' improper, unfair and unlawful business practices and acts alleged herein

19   constitute a continuing threat to Plaintiff, and members of the public in that, unless restrained,

20   defendants may continue to violate New Jersey Labor and Worker's Compensation Laws. Pursuant

21   to NJ Labor and Worker's Compensation Code  § 11-56a22, Plaintiff on behalf of herself, and the

22   general public, seeks a permanent injunction requiring defendants to cease their unlawful and unfair

23   business practices and acts.

24   166.    Plaintiff requests relief as provided in the Prayer for Relief below.

25   **TENTH CLAIM FOR RELIEF: SEX DISCRIMINATION – CLAIM AGAINST ALL DEFENDANTS**

26   **UNDER THE FOURTEENTH AMENDMENT OF THE US Constitution AND UNDER 42 U.S.C. § 1983;**

27   **42 U.SC. 1981; 42 U.S.C. § 2000 e2 (a) (1), e2 (h), e2 (j), e2 (m); 42 U.S.C. 2000e5 (a) – e5 (d), e5 (f)**

28

29   167.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

30   paragraphs of this complaint.

31   168.    Plaintiff brings this action on behalf of herself against all defendants to this suit.

169.    The period of violations by defendants is from May 27, 2014 to the date of judgement in this suit.

170.    Pursuant to 42 USC § 2000e-2(a)(1), "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin".

171.    Defendants' violated 42 USC § 2000e-2(a) (1) and N.J.S.A. 34:11-56.2 by paying $10/hour less to Plaintiff compared to another male candidate. Plaintiff has genuine real world work experience while the male candidate without real world actual work experience had used fake resume.

172.    Pursuant to 42 USC § 2000e-2(h), "It shall not be an unlawful employment practice for an employer to apply different standards of compensation, or different terms, conditions, or privileges of employment pursuant to a bona fide seniority or merit system, or a system which measures earnings by quantity or quality of production or to employees who work in different locations, provided that such differences are not the result of an intention to discriminate because of race, color, religion, sex, or national origin, nor shall it be an unlawful employment practice for an employer to give and to act upon the results of any professionally developed ability test provided that such test, its administration or action upon the results is not designed, intended or used to discriminate because of race, color, religion, sex or national origin. It shall not be an unlawful employment practice under this subchapter for any employer to differentiate upon the basis of sex in determining the amount of the wages or compensation paid or to be paid to employees of such employer if such differentiation is authorized by the provisions of section 206 (d) of title 29".

173.    Defendants violated 42 USC § 2000e-2(h) by paying $10/hour less to Plaintiff compared to another male candidate who was hired on the same day as Plaintiff to work on the same job for the same project, in spite of Plaintiff's seniority and genuine experience. Both, the Plaintiff and the male candidate were hired after passing the exact same "ability test" during in person interview which included exact same set of interview questions and answers per BWC-OH "interviewing policies". Defendants' wanton and willful conduct of paying $10/hour less to Plaintiff constitutes discrimination against Plaintiff and entitles her for damages.

174.    Pursuant to 42 U.S.C. § 2000e-2(j)," It shall be unlawful to require any employer, employment agency, labor organization, or joint labor-management committee to grant preferential treatment to any individual or to any group because of the race, color, religion, sex, or national

1 origin of such individual or group on account of an imbalance which may exist with respect to the
2 total number or percentage of persons of any race, color, religion, sex, or national origin employed
3 by any employer, referred or classified for employment by any employment agency or labor
4 organization, admitted to membership or classified by any labor organization, or admitted to, or
5 employed in, any apprenticeship or other training program, in comparison with the total number or
6 percentage of persons of such race, color, religion, sex, or national origin in any community, State,
7 section, or other area, or in the available work force in any community, State, section, or other
8 area."

9  175. Defendants violated 42 U.S.C. § 2000e-2(j) by discriminating against Plaintiff as Plaintiff
10 did not belong to the same race and regional area as that of most workers working at the same level
11 as Plaintiff at BWC-OH. Most co-workers working at the same level as Plaintiff were consultants and
12 were supplied by VG Labs Inc and Mr. Sunder Govindrajan based on their connections within and
13 outside of BWC-OH. Most co-workers who were hired and retained were from the same regional
14 areas of Southern India which also belonged to VG Labs Inc and Mr. Govindrajan. BWC-OH only
15 hired and retained candidates approved and preferred by all defendants. The hiring and retaining
16 process created by all defendants was based on regional origins of candidates using fake resumes
17 and leaked interview question/answers, based on personal likings of defendants as opposed to
18 candidate's merit, credentials, abilities and/or seniority.  Defendants' collective conduct in concert
19 with one another resulted in discrimination against Plaintiff and caused her serious financial and
20 reputational injuries.

21  176. Defendants' wanton and willful conduct as alleged above has discriminated Plaintiff.
22 Such conduct was substantially injurious to Plaintiff as she was the only one who was exploited and
23 later on let go.

24  177. Under the circumstance alleged herein, it would be inequitable and result in a
25 miscarriage of justice for defendants continue to allow such unlawful practices of damaging Plaintiff
26 and members of public, without punishment. Defendants conduct as alleged above constitutes
27 violations of Plaintiff's civil rights pursuant to Title VI of the Civil Rights Law of 1964 - 42 U.S.C.
28 §2000d et. Seq., 42 U.S.C. § 1983, 42 U.S.C. § 1981 and the 14th Amendment of the US Constitution,
29 entitling Plaintiff to restitution of the unfair benefits obtained and disgorgement of Defendants' ill-
30 gotten business practices.

1    178.    As a result of Defendants' unlawful business acts or practices, defendants have reaped

2    and continue to reap unfair benefits and illegal profits at the expense of Plaintiff and similarly

3    situated members of public.

4    179.    Defendants' improper, unfair and unlawful business practices and acts alleged herein

5    constitute a continuing threat to Plaintiff, and members of the public in that, unless restrained,

6    defendants may continue to violate national and local Labor and Worker's Compensation Laws as

7    well as civil rights of public. Pursuant to 42 U.S.C. 2000e5 (a) – e5(d), e5(f); and pursuant to NJ Labor

8    and Worker's Compensation Code § 56-4 and 56-6. Plaintiff on behalf of herself, and the general

9    public, seeks a permanent injunction and all statutory damages in addition to punitive damages in

10   the amount to be determined at trial for deterring similar future unlawful and unfair business

11   practices of defendants.

12   180.    Plaintiff requests relief as provided in the Prayer for Relief below.

### ELEVENTH CLAIM FOR RELIEF: WRONGFUL/RETALIATORY DISCHARGE

### CLAIM AGAINST ALL DEFENDANTS: UNDER 42 U.S.C. §§ 1981, 1982, 1983, 1985 (3)

15   181.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

16   paragraphs of this complaint.

17   182.    Plaintiff brings this action on behalf of herself against all defendants to this suit.

18   183.    The period of violations by defendants is from May 27, 2014 to the date of judgement in

19   this action.

20   184.    The term of contract was for 12 months and Plaintiff was let go after completion of 9

21   weeks of a contract, without any cause or without any reason or without any performance reviews

22   or without exist interview.

23   185.    Unlawful discharge of Plaintiff without any cause and without an exit interview upon

24   Plaintiff's complaint to defendants about delays in payments and other matters violated Plaintiff's

25   Due Process Rights guaranteed by the 14th Amendment of the US Constitution and Plaintiff's rights

26   protected by the Contract Clause of Art. I, Sec 10 of the US Constitution. Abrupt hiring and firing

27   after a few days of internal email driven defamation and insults of Plaintiff by defendants and,

28   without a notice and without a good cause created emotional stresses and severe financial hardship

29   and losses for Plaintiff. Pursuant to the Contract Clause, right to contract without any interferences

30   is the most fundamental right protected by the constitution of the US with guarantees against

31   private party interferences or any state laws that interfere with private contracts by any restraints.

32   Right to contract is the most basic protecting any one's freedom to contract without any

interference by private or government entities prohibiting implicit or explicit slavery by interferences from anyone.

186.    Defendants' conduct as alleged above has interfered with Plaintiff's rights to contract and is in violations of 42 U.S.C. § 1981 which guarantees equality of rights to everyone.

187.    Defendants' conduct also interfered with Plaintiff's property rights and employment rights due to interferences and exploitations through extended state controls. Defendants' conduct is in violations of 42 U.S.C. § 1982 which attests to property rights of civilians.

188.    Defendants' conduct as alleged above is also in violations of NJ Labor and Worker's Compensation Code §§ 15-57.4(a) (2) and 15-57.4(a) (3). Defendants' conduct as alleged above is in further in violations of NJ Labor and Worker's Compensation Code §§ 15-57.4(b), 15-57.4(c) and 15-57.4(d) because the scheme of hiring Plaintiff purposely and knowingly involved insurance carrier to shift liabilities by "visible" and "invisible" agents of conspiring defendants.

189.    Defendants' wanton and willful conduct as alleged above has caused severe injuries to Plaintiff. Such conduct was substantially injurious to Plaintiff as she was the only one who was exploited by conspiring defendants who hatched a scheme of shifting liabilities by involving an insurance carrier.

190.    Under the circumstance alleged herein, it would be inequitable and result in a miscarriage of justice for defendants continue to allow such unlawful practices of damaging Plaintiff and members of public, without punishment. Defendants conduct as alleged above constitutes violations of Plaintiff's civil rights pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985(3) and the 14th Amendment of the US Constitution, entitling Plaintiff to all damages including but not limited to loss of income, loss of credibility, defamation, and other tangible and punitive losses due to emotional distress.

191.    Plaintiff requests relief as provided in the Prayer for Relief below.

## TWELVETH CLAIM FOR RELIEF: SICK LEAVE AND BATHROOM BREAKS

## CLAIM AGAINST ALL DEFENDANTS: COMMON LAW CLAIM

192.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

193.    Plaintiff brings this action on behalf of herself against all defendants to this suit.

194.    Plaintiff's less than 20 minutes lunch breaks and bathroom breaks were deducted from her hourly wages.

1    195.    Plaintiff was forced to go to work in spite of being sick by the director of BWC-OH
2    because less number of Plaintiff's work meant reduced "cuts" to defendants and their additional
3    "invisible" agents from Plaintiff's wages. Defendants took away $66/hour from Plaintiff's wages
4    which were billed at $108/hour rate.

5    196.    Plaintiff had never worked in such work environment at any other work places except
6    BWC-OH, where Plaintiff's bathroom breaks and lunch breaks were deducted from her wages.
7    Plaintiff had never been forced to work in spite of being sick except at BWC-OH. Plaintiff was not
8    informed about such restrictions prior to joining the contract.

9    197.    Defendant BWC-OH has unfair and discriminatory business operating policies,
10   specifically towards women workers, who may require more breaks of all types due to biological
11   reasons.

12   198.    Plaintiff therefore requests special relief in the form of out of the ordinary relief towards
13   enhancing working conditions of all workers, in all sectors by setting a new exemplary norm for all
14   types of employers to prohibit employers from deploying such adverse health affecting restrictions
15   to employees' health for humanitarian reasons.  Such is more appropriate in 21st century as more
16   women are working in all sectors as professionals.

17   **THIRTEENTH CLAIM FOR RELIEF: UNLAWFUL AND UNFAIR BUSINESS PRACTICES**
18   **CLAIM AGAINST ALL DEFENDATS UNDER 42 USC § 1983, 15 USCA SECT. 1 ET.SEQ, CONTRACT**
19   **CLAUSE OF THE US Constitution, VIOLATIONS OF NJ LABOR AND WORKER'S COMPENSATION**
20   **LAWS,NJ LAWS PERTAINING TO INSURANCE PROVIDERS AND UNFAIR BUSINESS PRACTICES**

21   199.    Plaintiff hereby incorporates by reference the allegations contained in all preceding
22   paragraphs of this complaint.

23   200.    Plaintiff brings this action on behalf of herself against all defendants to this suit.

24   201.    The period of violations by defendants is from May 27, 2014 to the date of judgement in
25   this action.

26   202.    Defendant members of BWC-OH listed under Party 2 to this suit, as workers of a
27   business insurance providing business have conducted unfair and illegal practices pursuant to NJSA
28   17:18-8 ,17:18-17,17:22E-7 in conspiracy with members of Party 1 to this suit.

29   203.    Defendant members of BWC-OH listed under party 2 to this suit have unknowingly and
30   purposely conducted an act of engaging in an illegal business practice of employing Plaintiff as an
31   employee of BWC-OH's existing employee in violation of NJSA 17:22E-10 in conspiracy with member
32   of party 1 to this suit.

1    204.    Defendant members of BWC-OH listed under party 2 to this suit have committed

2    insurance business specific fraud and unfair practices in violations of NJSA 17:29B-3, 17:29B-4,

3    17:29B-9 and 17:33A-4 in concert with member of party 1 to this suit.

4    205.    Defendants, as co-employers of Plaintiff, have participated in unfair and illegal business

5    practices and acts pursuant to NJSA 34:8-52(N),NJSA 34: 8-64(d)(i) and (ii),NJSA34:8-64 (d)(2)(b) &

6    (d), NJSA 34:8-65(L),NJSA 34:11-4.2, NJSA 34:11-4.2a, NJSA 34:11-4.3, NJSA 34:11-4.4, NJSA 34:11-

7    4.6(c) & (e), NJSA 34:11-4.7,NJSA 34:11-4.14(a),NJSA 34:11-56a4,NJSA 34:11-56a20,NJSA 34:11-

8    56a22, NJSA 34:11-56.2,NJSA 34:15-57.4(a)(2),NJSA 34:15-57.4(a)(3),NJSA 34:15-57.4(b),NJSA 34:15-

9    57.4(c) and, NJSA 34:15-57.4(d) in concert with members of party 1 to this suit.

10    206.    Defendants' conduct is also in violations of 15 USC § 1 ET.SEQ.

11    207.    Defendants' conduct as alleged above has violated and severely interfered with

12    Plaintiff's civil rights entitling Plaintiff for a civil action under 42 U.S.C. § 1983.

13    208.    Defendants' conduct as alleged herein has caused massive violations of Plaintiff's civil

14    rights on an ongoing and daily basis in all activities of Plaintiff's life including but not limited to right

15    to look for employment on line and otherwise, right to contract, right to make livings, right to

16    property and right to live without interferences of any one. Defendants corruptly conspired against

17    Plaintiff by supporting each other against Plaintiff after violating Plaintiff's rights for years for the

18    purposes of covering their crimes and for the purposes of controlling Plaintiff for the rest of her life

19    after putting her under radar of some extremely controlling and very bad entities pretending to be

20    enforcing laws by tossing cases without notices and manufacturing illegal laws to cover their crimes

21    under false pretenses of public safety, law and order. Such conduct was and is substantially injurious

22    to Plaintiff and members of Public in general.

23    209.    Under the circumstances alleged herein which are based on massive violations of many

24    laws by defendants, it would be inequitable and result in a miscarriage of justice for defendants to

25    continue to retain the property of Plaintiff; to continue to cause intentional emotional distresses,

26    pain and suffering to Plaintiff; to continue to allow such unfair business practices and continue to

27    retain unfair benefits obtained due to disgorgement of defendants' ill-gotten gains.

28    210.    As a result of defendants' unlawful business acts and practices, defendants have reaped

29    and continue to reap unfair benefits and illegal profits by continuously looting Plaintiff's property on

30    a daily basis by interferences in every matter of Plaintiff's life and by continuously violating her basic

31    civil rights.

1    211.    Defendants' improper, unfair and unlawful business practices and acts alleged herein
2    constitutes a continuing threat to Plaintiff and members of public, in that, unless restrained,
3    defendants may continue to violate New Jersey Labor and Worker's Compensation Laws and
4    multiple federal laws and the Constitution of the US. Pursuant to 15 USC § 1 ET. seq., 42 USC § 1983,
5    as well as New Jersey's Unfair Business Practices Law codified under Title 56 of New Jersey's
6    legislation, defendants' conduct as alleged above, constitute unlawful business acts or practices.
7    Plaintiff, on behalf of herself and the general public, therefore seeks, all damages including punitive
8    damages and also seeks a permanent injunction requiring defendants to cease their unlawful and
9    unfair business practices and acts.

10    212.    As a direct and proximate result of the aforementioned practices and acts, Defendants
11    have been unjustly enriched, and Plaintiff, and the general public are entitled to restitution in an
12    amount to be determined at trial.

13    213.    Plaintiff requests relief as provided in the Prayer for Relief below.

14    **FOURTEENTH CLAIM FOR RELIEF: NEGLIGENCE**

15    **CLAIM AGAINST ACJC EXECUTIVE DIRECTOR MR. JOHN TONELLI**

16    **THE FOURTEENTH AMENDMENT OF THE US CONSTITUTION, Due Process Clause and 42 USC § 1983**

17    **AND UNDER NJSA 59:2-2 (a)**

18    214.    Plaintiff hereby incorporates by reference the allegations contained in all preceding
19    paragraphs of this complaint.

20    215.    Plaintiff brings this claim on behalf of herself and against ACJC-NJ Executive director Ms.
21    John Tonelli.

22    216.    Defendant's inactions and negligence in permanently rectifying public harm,
23    permanently rectifying damages to public and Plaintiff have caused lifelong trauma to Public and
24    Plaintiff because defendants have not disbarred already disciplined and reprimanded members of
25    State's Judiciary conducting auctions in state courts and have not disbarred other members of
26    state's judiciary participating in continued prosecutions of innocents based on actions of
27    reprimanded and other members of judiciary who manufacture illegal state laws in violations of
28    Federal Constitution of the US. Defendants' negligence has caused significant financial injury,
29    significant emotional distress and has inflicted continuous injuries to Plaintiff as a result of
30    continuous violations of Plaintiff's civil rights.

31    217.    Defendants' willful and knowing wanton disregard for Plaintiff's civil rights violations
32    upon complaint to ACJC has also created a situation of continuous exploitation and continuous

1  hardships to Plaintiff by means of an illegal and dangerous working condition based on conspiracy
2  with BWC-OH members listed under party 2 to this suit.

3      218.    Defendants' have failed to conduct proper supervision of personnel as part of their job
4  activities resulting into massive damages to Plaintiff and members of public. Defendants failure and
5  negligence acts include but are not limited to absolute ignorance to genuine concerns of Plaintiff;
6  Public and its civil rights; allowing continued legal malpractices within state courts and state's other
7  law enforcement venues including prosecutor and attorney general's offices by promoting law
8  violating prosecutors to judiciary posts to provide them "immunity" upon committing massive illegal
9  acts; allowing self-benefiting manufacturing of illegal laws, rules and employments; allowing biased
10 treatments to specific communities at the expenses of members of public and by doing that
11 facilitating and promoting purposeful conflicts of interests making defendants vicariously liable
12 under NJSA 59:2-2(a).

13     219.    Defendant's willful misconduct of ignoring Plaintiff's complaint with the ACJC-NJ
14 showing continued unlawful acts of already reprimanded members of judiciary and others is in
15 violations of NJSA 59:4-3. Defendant's willful disregard for issues related to stealing of court notices
16 sent to Plaintiff by federal court, tossing of court cases by judiciary without notices on the basis of
17 unlawful excuses of "conflicts of interests", unlawful medical interventions by judiciary with or
18 without prosecutorial interferences and unlawful changes in court hearing dates/venues and
19 members of judiciary, lack supervision to identify lack of rules and processes to correct municipal
20 courts created errors, are more than ample proofs showing purposeful, willful, wanton, knowing and
21 continued collective negligence of defendants in participation with State prosecutors and attorney
22 general on an ongoing basis pursuant to NJSA 59:9-4. Collectively, defendants participate in legal
23 malpractice against members of Public and Plaintiff which has resulted in massive losses of Plaintiff's
24 property, records, reputation, employments and civil rights by using materially false statements, by
25 exercising bad faith as a routine due to corruption and in spite of having full knowledge of falsity and
26 in spite of having full knowledge of prohibited practices to general public due to reasons of limited
27 or full "immunities". Defendants knowingly, purposely and personally participate in framing
28 innocents and for most part do not practice what they preach to public which constitutes a valid
29 claim for on purpose negligence due to legal malpractice, actual malice with willful continued
30 misconduct and entitles Plaintiff for punitive damages, intentional infliction of emotional distress,
31 pain and suffering pursuant to 42 USC § 1983.

220.     Plaintiff therefore seeks, investigative cooperation from ACJC Executive Director Mr. Tonelli with the help of this Honorable District Court to find out extent of participation of ACJC-NJ and any additional members of State of NJ's law enforcement, if any, in getting Plaintiff hired for BWC-OH contract. This injunctive relief is requested because only the ACJC-NJ administrative staff would have been aware of grievances filed by Plaintiff due to its "confidentiality" reasons. Plaintiff had not disclosed "confidential" matters pertaining to grievances to anyone except the ACJC-NJ. Defendant's negligence and deprivation of due processes by not keeping confidential matters confidential is in violation of the Fourteenth Amendment of the US Constitution because the contract opportunity at BWC-OH by interception of online job search occurred rights after Plaintiff had filed a complaint with ACJC-NJ which was denied by ACJC-NJ executive director Mr. Tonelli.

221.     Plaintiff also requests relief as provided in the Prayer for Relief below.

## RELIEF ALLEGATIONS

222.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from illegal acts of defendants.

223.     The actions or inactions on the part of defendants have caused and continue to cause Plaintiff substantial losses in earnings, other compensation, and other employment benefits, in an amount to be determined according to proof.

224.     Defendants acted or failed to act as herein alleged with malice or reckless indifference to the protected rights of Plaintiff Ms. Chaula Bhatt. Plaintiff Ms. Bhatt is thus entitled to recover punitive damages in an amount to be determined according to proof.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

**PRAYER FOR RELIFE**

**WHEREFORE**, Plaintiff, on behalf of herself prays for relief as follows:

225.    Damages and equitable relief for all harm the individual Plaintiff has sustained as a result of Defendants' conduct, according to proof;

226.    Exemplary and punitive damages in an amount commensurate with defendants' ability to pay and to deter future unlawful conduct;

227.    A preliminary and permanent injunction against defendants and their executive directors, directors, officers, owners, agents, successors, employees, and representatives – and any and all persons, "visible" and "invisible", acting in concert with them – from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

228.    A declaratory judgment that the practices complained in this complaint are unlawful and violate applicable federal and state law;

229.    Costs incurred, to the extent allowable by law;

230.    Pre-Judgement and Post-Judgement interest, as provided by law; and

231.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of Federal Rules of Civil Procedure.

**Date**: April 14, 2016

RESPECTFULLY SUBMITTED,

_____

**Ms. Chaula S. Bhatt, Pro Se**

PO BOX 1094

Edison, NJ 08817

Contact: (732) 221- 3223

Email: chaula_bhatt@hotmail.com